ANSTEAD, Judge,
concurring specially.
While I agree with the majority that this case should be reversed based upon our holding in Metcalf, I write separately to note that the current case is not the typical Metcalf scenario. In Metcalf, we held that the use of crack cocaine illegally manufactured by the government would not require the dismissal of a charge of solicitation to purchase co- *533 eaine, as distinguished from a charge of purchase of cocaine. See Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.1992).
The charge here is solicitation, and the trial court dismissed on the authority of Kelly, a ease of purchase. Hence, Metcalf appears to require reversal. However, the ap-pellee points out that this ease has another twist, since it appears that appellee was initially prosecuted for purchase and, after conviction and sentence, the trial court vacated her conviction and discharged her. The state did not appeal this decision. However, subsequently, the state filed the present solicitation charge.
Since the trial court’s ruling was based on Kelly, we have limited our review to that issue. It would appear that there may be other issues, such as double jeopardy, involved in this case. Those issues may be explored more fully upon remand.
ON MOTION FOR CERTIFICATION PER CURIAM.
We certify to the supreme court as a question of great public importance the same question as was certified in State v. Clemones, slip op. 92-2997, 1993 WL 267440 (Fla. 4th DCA July 21, 1993):
WHETHER THE MANUFACTURE OF CRACK COCAINE BY LAW ENFORCEMENT OFFICIALS FOR USE IN A REVERSE-STING OPERATION CONSTITUTES GOVERNMENTAL MISCONDUCT WHICH VIOLATES THE DUE PROCESS CLAUSE OF THE FLORIDA CONSTITUTION, WHERE THE CHARGE IS SOLICITATION TO PURCHASE, I.E., WHETHER MET-CALF V. STATE, 614 S0.2D 548 (Fla. 4th DCA 1993), IS CORRECT?
DELL, C.J., and ANSTEAD and WARNER, JJ., concur.